EDWARD McINTIRE *v.* JAMES BARKLEY and SAMUEL BARKLEY, garnishees of HENRY B. McINTIRE.

Where a landlord buys in the unexpired term of his tenant at sheriff's sale of his goods and chattels taken in execution at the suit of another on the demised premises under a rent of money at the close of the first quarter of the rental year, and receives from the sheriff out of the proceeds of sale the whole amount of the year's rent then growing due, the provision of the statute will apply to the case and he will be entitled to the whole of the rent for the one year so paid, and not merely to the first quarter of it due at the time of the sheriff's sale of the unexpired term of the tenant in them.

The principle ruled in *Ganse* v. *Richardson*, 4 *Houst.* 222, must be confined to the particular facts of that case.

In such a case if there be two landlords and the sale of the unexpired term of the lease be returned by the sheriff as having been made to one of them, it may be proved that it was in fact made to him for and on account of both of them.

ATTACHMENT *fi. fa.* and plea of *nulla bona.* Edward McIntire, the plaintiff, had an execution levied by the sheriff on the goods of Henry B. McIntire, the defendant in it, who was a tenant and lessee of the garnishees named of certain premises for a year at a rent of nine hundred and sixty dollars per annum, payable quarterly in equal sums of two hundred and forty dollars from the 25th of March, 1874, to the 25th of March, 1875. At the sale by the sheriff on the execution James and Samuel Barkley, the lessors of Henry B. McIntire, the defendant in it, and garnishees of the same in this suit, bought the unexpired term of their lease to him of the premises for three hundred and five dollars, and on the return of the execution and sale they received as the landlords of the premises from the sheriff out of the sale their one year's rent of nine hundred and sixty dollars.

The claim of the plaintiff in the attachment *fi. fa.*, Edward McIntire, was for the amount of eight months of the rent of the premises from July 25th, 1874, to March 25th, 1875.

The sheriff's sale on the execution was returned as made to James Barkley, and not to James Barkley & Co., which firm consisted of James and Samuel Barkley, the garnishees in this case.

*Whitely*, for the plaintiff, called a witness to prove that notwithstanding the sale was so returned by the sheriff, the purchase of the unexpired term of the lease of the premises at the sale was, in fact, made by James Barkley for and on account of the firm, consisting of himself and his brother, Samuel Barkley.

*Harrington* (*Bird* with him for the defendants), objected to the competency of the proposed testimony, as the return was a matter of record, and therefore could not be contradicted.

*By the Court:* This is not a suit against the sheriff on the return, when his return is in general conclusive against him, and cannot be varied, contradicted, or qualified by extraneous evidence; but when the suit is between other parties it is always competent to prove such a fact as this if the witness knows it of his own knowledge.

The witness was then sworn and proved the statement of the counsel.

The counsel for the plaintiff claimed, on the authority of the ruling in this court in the case of *W. R. & H. Ganse* v. *Richardson, Sheriff,* 4 *Houst.* 222, that the defendants were not entitled to a full year's rent under the statute as landlords of the rented premises after they had bought in at the sheriff's sale the unexpired term of the lease, which was then to continue eight months longer, and had thus sunk and merged the leasehold estate in the premises in the fee simple reversion subsisting in them up to that time by their own voluntary act, but that in law and equity the utmost they could claim was the equivalent of the rent for the three preceding months which had accrued up to that time. As, however, they had been paid by the sheriff contrary to the ruling in that case out of the proceeds of the sale on the execution the sum of nine hundred and sixty dollars, the equivalent of the whole rent for that entire year, the plaintiff claimed the two-thirds of that amount as money had and received by them to his use, and which but for that misapplication Henry B. McIntire would have been entitled to, and to which he was now entitled under his attachment against him and the defendants as his garnishees.

The counsel for the defendants admitted that the sale of the unexpired term of the lease took place on the 10th day of July, 1874, and that the lessors, the purchasers of it, went into possession of the premises immediately afterward, but they denied that it thereupon merged in the reversion or so far extinguished the leasehold estate as to deprive the defendants, who were lessors and landlords of the premises up to the time of the sale and had been for nearly three months prior to that time, of their right to one year's rent under the statute, and they also denied that the case referred to in 4 *Houst. Rep.* 222 had ruled the

principle contended for on the  other side.    They stated, and  it
was  not  contradicted,  that  the  three  hundred  and  five dollars
bid and paid for  by the lessors  for  the  unexpired term of· the
lease had ·been  paid  by the sheriff  to  Henry B. McIntire, the
defendant in the execution or attachment.

   *The  Court,  Comegys,  C.  J., charged the  jury :*    The statute re-
ferred to  in the  case provides  that if goods  and  chattels  of  a
·tenant being upon premises held by  him by demise under a rent
of money be seized  by virtue of any process of execution, attach-
ment, or  sequestration,  they  shall  be  liable for  one  year's  rent
of  the premises  in  arrear or  growing due  at  the  time of  such
seizure in  preference  to  such process ;  accordingly the  landlord
shall  be paid such rent (not exceeding one year's rent) out of the
proceeds  of  the  sale of  such goods and chattels before anything
shall  be applicable to such process.    We do not consider the case
of  *Ganse* v. *Richardson*, 4 *Houst.* 222, sustains the  claim of  the
plaintiff  in  this  case.    He then  stated  that  case and  what was
ruled in it and added,  " The words of the statute are general and
comprehensive  and  without any qualification  or exception,  and
we consider the provision of it just read applies to and embraces
this case.    The  case  cited  and  referred  to,  we  think,  must  be
confined to the. facts which  appear in that case."
                              The defendants had a verdict.